**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JOANNE VONA, | : | CIVIL ACTION NO. 10-4840 (MLC) |
| | : | |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COOPER, District Judge**

Plaintiff Joanne Vona ("Vona") sought review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. (Dkt. entry no. 1, Compl.) The Commissioner initially filed an Answer (dkt. entry no. 4, Ans.), but now moves to remand for further proceedings pursuant to 42 U.S.C. § 405(g), to allow for the consultation of a vocational expert ("VE") at step five of the sequential analysis. (Dkt. entry no. 7, Def. Br.) Vona joins the Commissioner's motion, but further requests that the Court also order the Administrative Law Judge ("ALJ") to take testimony from a "psychiatric/ psychological medical expert." (Dkt. entry no. 8, Pl. Ltr.) The Court determines the motion without oral argument. Fed.R.Civ.P. 78(b). For the reasons set forth below, the Court will reverse the Commissioner's decision and remand the matter for reconsideration.

**BACKGROUND**

Vona filed for DIB and SSI, alleging disability as of July 13, 2007.  (Compl. at 1-2.)  Vona's alleged disability is "severe psychiatric and psychological conditions."  (Id. at 2.)  The ALJ denied Vona's claim, finding that she retained the Residual Functional Capacity ("RFC") to perform jobs that existed in significant numbers in the national economy and thus was not disabled.  (Dkt. entry no. 5, T.R. at 23-24.)  Vona's request for review of the ALJ's decision by the Appeals Council was denied.  (Compl. at 1.)  Vona then brought this action against the Commissioner, seeking reversal of the ALJ's decision denying benefits.  (Id.)  The Commissioner answered, arguing the ALJ's decision was supported by substantial evidence.  (Ans. at 2.)  But after the filing of a letter by Vona pursuant to Local Civil Rule 9.1, the Commissioner moved to remand for further administrative proceedings, claiming the ALJ failed to correctly apply the law and applicable regulations.  (Def. Br. at 1.)

**DISCUSSION**

**I.   The Five-Step Sequential Analysis**

The Social Security Administration ("SSA") has promulgated a five-step evaluation process to determine whether an individual is entitled to DIB.  See 20 C.F.R. §§ 404.1520, 416.920.  In the first step, the ALJ determines whether the claimant has engaged in substantial gainful activity since the onset date of the

2

alleged disability.  Id. at §§ 404.1520(b), 416.920(b).  If not, the ALJ moves to step two to determine if the claimant's alleged impairments qualify as "severe."  Id. at §§ 404.1520(c), 416.920(c).  If the claimant has a severe impairment, the ALJ inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments.  20 C.F.R. Part 404, Subpart P, Appendix 1, Part A.  If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the ALJ moves on to step four.  Id. at §§ 404.1520(d), 416.920(d).  In the fourth step, the ALJ decides whether, despite any severe impairment, the claimant retains the RFC to perform past relevant work.  Id. at §§ 404.1520(e)-(f), 416.920(e)-(f).  The claimant bears the burden of proof at each of these first four steps.  At step five, the burden shifts to the SSA to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC.  20 C.F.R. §§ 404.1520(g), 416.920(g); see Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

     The ALJ found here, and Vona does not dispute, that Vona (1) is not currently engaged in substantial gainful activity; (2) has a history of substance addiction disorder and depression, and these impairments meet sections 12.04 and 12.09 of in Appendix 1

3

of 20 C.F.R part 404, subpart P (20 C.F.R. §§ 404.152(d), 416.920(d)); and, (3) is unable to perform any past relevant work.  (T.R. at 16-23.)  The ALJ further found Vona's substance abuse was "in partial remission" and that a finding of disability based on substance abuse would be inappropriate, but that even if Vona "stopped the substance use" she would "continue to have a severe impairment or combination of impairments" that would not meet the listings.  (Id. at 20-21.)  But the ALJ finally found that if Vona stopped substance use, she would have the RFC to perform a full range of work at all exertional levels but with a nonexertional limitation of "unskilled work."  (Id.)  The question is whether the ALJ properly determined at step five that jobs exist in significant numbers in the national economy that Vona is capable of performing.

**II.  ALJ's Use of the Medical-Vocational Guidelines at Step Five**

The Commissioner claims that the ALJ lacked substantial support for applying "the Grids" at step five.  (Def. Br. at 3.)  Specifically, the Commissioner argues that the ALJ erred in failing to follow any of the SSA's approved methods for evaluating nonexertional limitations, in that the ALJ failed to "secure a [VE], cite to the [Dictionary of Occupational Titles ("DOT")], or provide notice to the plaintiff of his finding that her mental limitations did not effect the job base."  (Id. at 4.)  See also SSAR 01-1(3), 2001 WL 65745 (Jan. 25, 2001).  Vona agrees and also requests remand.  (Pl. Ltr. at 1-2.)  The Court concurs.

4

The ALJ's reliance on the Grids in the presence of Vona's nonexertional impairment constitutes reversible error under <u>Sykes v. Apfel</u>, 228 F.3d 259 (3d Cir. 2000). In <u>Sykes</u>, the Third Circuit emphasized:

> [I]n the absence of a rulemaking establishing the fact of an undiminished occupational base, the Commissioner cannot determine that a claimant's nonexertional impairments do not significantly erode his occupational base under the medical-vocational guidelines without either taking additional vocational evidence establishing as much or providing notice to the claimant of his intention to take official notice of this fact (and providing the claimant with an opportunity to counter the conclusion).

<u>Id.</u> at 261.

The ALJ here solely relied on the Grids and failed to cite to any other resource in his determination that "these limitations have little or no effect on the occupational base of unskilled work at all exertional levels." (T.R. at 23.) This conclusory determination was made without: (1) taking additional vocational evidence establishing that fact, (2) consulting the DOT, or (3) providing notice to Vona of the ALJ's intent to take official notice, along the with opportunity to counter such conclusion. Consistent with <u>Sykes</u>, the ALJ's finding, therefore, is reversed and remanded with instructions to obtain additional vocational evidence to determine the impact of Vona's nonexertional limitations on her occupational base. <u>See also</u> <u>McGill v. Comm'r of Soc. Sec.</u>, No. 09-3217, 2010 WL 132635, at *2 (D.N.J. Jan. 13, 2010). If the ALJ chooses to rely on official

notice to establish that Vona's nonexertional limitations do not significantly diminish the occupational base for unskilled work, the ALJ must give Vona a chance to object and respond.  See id.; Diggs v. Astrue, No. 07-5769, 2008 WL 5272055, at *10 (D.N.J. Dec. 15, 2008).

### III. Plaintiff's Request To Order a Medical Expert

Vona also requests that the Court order the ALJ to obtain and consider testimony from a "psychiatric/psychological medical expert."  (Pl. Ltr. at 8.)  If the Court's jurisdiction were premised on the sixth sentence of Section 405(g), it could "remand in light of additional evidence" and "order additional evidence to be taken before the Commissioner."  42 U.S.C. § 405(g).  But here, exercising jurisdiction under the fourth sentence, the Court only has the power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Id.  Vona does not present, nor has the Court found under this section, legal support for granting the requested relief.  (Pl. Ltr. at 8.)

Courts have ordered consideration of certain physical conditions and have encouraged consultation with experts in certain circumstances.  See Rambow v. Comm'r of Soc. Sec., No. 10-1610, 2011 WL 345923, at *5 nn.2-3 (D.N.J. Feb. 2, 2011)

6

(ordering consideration of combination of impairments to determine RFC and encouraging consultation with VE in determining whether claimant was capable of performing sedentary work). Courts also refer cases to a different ALJ when the previous ALJ has shown bias or prejudice, or conducted the prior hearing in an intimidating or abusive fashion. See, e.g., Ventura v. Shalala, 55 F.3d 900, 903-04 (3d Cir. 1995) (ordering new hearing before different ALJ because previous ALJ engaged in coercive, intimidating, and irrelevant questioning and improperly interfered with claimant's attempt to introduce evidence); Leak v. Comm'r of Soc. Sec., No. 08-4915, 2009 WL 2595641, at *4 (D.N.J. Aug. 20, 2009) (referring case to different ALJ on remand "to avoid the appearance of bias"). Moreover, in Gallina v. Astrue, No. 09-0654, 2010 WL 743921, at *5-6 (D.N.J. Mar. 4, 2010), the court declined to order the Commissioner to use the same VE, noting plaintiff provided no binding authority for the claim that using the same VE is required any time a claimant's petition is remanded for a supplemental hearing, and finding plaintiff did not otherwise show this rendered her hearing unfair. Id. None of these situations are applicable here.

The use of a medical expert is, however, required when the date of onset of disability must be inferred. Waldrip v. Comm'r of Soc. Sec., No. 09-6008, 2011 WL 843940, at *5 (D.N.J. Mar. 8, 2011) (citing Newell v. Comm'r of Soc. Sec., 347 F.3d 541 (3d

7

Cir. 2003)).  But Vona does not provide authority, aside from citing an inapplicable case, for the proposition that "with the issue of materiality of drugs and alcohol in the presence of another severe psychiatric impairment, psychiatric opinions must be sought at the hearing."  (Pl. Ltr. at 7.)  Indeed, as in Kracht v. Comm'r of Soc. Sec., the Court notes that Vona points to various statements from the SSA's Hearings Appeals and Litigation Law Manual and statements on the Commissioner's website "in an attempt to force the Commissioner to provide expert psychiatric testimony to determine the materiality of [her] substance abuse."  (Pl. Ltr. at 4-6.) No. 09-6010, 2010 WL 4980901, at *5 (D.N.J. Dec. 2, 2010).  While the Third Circuit Court of Appeals has not directly addressed the issue of which side has the burden of establishing the materiality of substance abuse, as Kracht notes, several other Courts of Appeals, including the Eight, Ninth, and Eleventh Circuits, have held that the burden rests with the plaintiff.  Id.  Additionally, "the [sources] Plaintiff references do not establish or imply which side bears the burden of proof.  Rather, they offer guidance as to what should be done when the ALJ is unable to separate the Plaintiff's substance abuse from his mental disabilities."  Id.

    Vona does not assert that she requested to subpoena a medical expert during the course of her initial hearing and the request was denied, or that she sought to introduce the testimony

8

of her own medical expert and the request was denied.  For example, "[u]nder 20 C.F.R. § 416.1450(d)(1), when it is reasonably necessary, an ALJ or member of the Appeals Council may, on his or her own initiative or at the request of a party, issue a subpoena for the appearance or testimony of a witness . . . to an issue or hearing."  Meyler v. Comm'r of Soc. Sec., 238 Fed.Appx. 884, 889 (3d Cir. Aug. 28, 2007).  Nowhere does this regulation give the Court the power to order such consultation, nor does Vona provide any other source of authority.[1]

The Meyler court also noted at step five, as here, that "the ALJ relied upon SSR 85-15 . . . without calling a [VE], and without providing advance notice to Meyler so she could call her own [VE]."  Id. at 890.  Its decision, however, did not order any specific investigation, but merely stated that "[t]he ALJ's decision that Meyler is able to perform jobs prevalent in the national economy is not supported by substantial evidence.  We will vacate and remand for further explanation by the ALJ how Meyler's specific limitations affect her ability to perform

---

[1] It is not clear, when Vona complains that the Commissioner has "categorically refused to allow a psychiatric medical advisor to testify at the hearing," whether this means that the Commissioner has refused to permit one at all, or has just refused to order one at the cost of the Commissioner.  (Pl. Ltr. at 3.)  It suffices to note that the ALJ "has a duty to develop the record, and 'must secure relevant information regarding a claimant's entitlement to social security benefits.'"  Diggs, 2008 WL 5272055, at *7 (citing Ventura, 55 F.3d at 902).

unskilled work in a job that constitutes substantial gainful employment." Id. at 890-91. The Court discerns no authority to do anything further.[2]

The Court will accordingly remand this matter to allow the ALJ to further develop the record and make a proper determination concerning Vona.[3]

---

[2] It appears, however, that the Appeals Council may order the ALJ to obtain a medical expert. Jones v. Comm'r of Soc. Sec., 297 Fed.Appx. 117, 118 (3d Cir. 2008) (where the Appeals Council had previously "remanded the case, ordering the ALJ to: . . . (3) obtain evidence from a medical expert; and (4) obtain testimony from a [VE]"); Bantleon v. Comm'r of Soc. Sec., No. 09-2888, 2010 WL 2802266, at *1 (D.N.J. July 15, 2010) (where the Appeals Council had previously "granted the claimant's request for review . . . reversed the ALJ's decision" and instructed the ALJ to "obtain a medical expert if necessary . . . and obtain evidence from a [VE]").

[3] It is not clear if Vona simply concurs with the Commissioner on the ALJ's error at step five of the sequential analysis, or if Vona additionally asks the Court to find that the ALJ's decision at step three was also not supported by substantial evidence. Although Vona refers to step three a few times in her letter brief, she ultimately appears to ask for a medical expert in the context of providing assistance to the ALJ and VE at step five. (See Pl. Ltr. at 2, 4, 7, 8.) Thus, the Court will not address the ALJ's determination at step three. In any case, as discussed above, courts have rejected Vona's argument regarding the Commissioner having the burden of proof on materiality. (Pl. Ltr. at 8.) Kracht, 2010 WL 4980901, at *5.

**CONCLUSION**

For the foregoing reasons, the Court finds that the ALJ's analysis was in error at the fifth step of the five-step sequential analysis. Accordingly, the decision of the ALJ will be reversed and the matter remanded for reconsideration consistent with this opinion. The Court will issue an appropriate order and judgment.

                                                   s/ Mary L. Cooper  
                                                   **MARY L. COOPER**  
                                                   United States District Judge

**Dated:**    April 11, 2011